FILED
United States Court of Appeals
Tenth Circuit

December 22, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DOVELL B. BATTLE,

      Petitioner-Appellant,

v.

MARTY SIRMONS,

      Respondent-Appellee.

No. 08-5114

(N.D. Okla.)

(D.C. No. CV-05-131-K)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Dovell B. Battle was convicted of second degree burglary and obstruction of a police officer, and is serving a 30-year sentence in Oklahoma prison. Proceeding pro se,[1] Battle seeks a certificate of appealability (COA) to challenge the district court's denial of habeas corpus relief under 28 U.S.C. § 2254. Battle

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Battle proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

seeks relief on three grounds: (1) un-redacted sentencing information from prior convictions was submitted to the jury, (2) sufficiency of the evidence, and (3) ineffective assistance of counsel.

We conclude Battle is not entitled to relief on any claim and therefore DENY his COA request.

## I. Background

In 2003 two police officers were dispatched to a commercial building in Tulsa, Oklahoma to respond to a tripped alarm in the building. When the officers arrived, they noticed a cut padlock near a rear entry gate, which was open, and a partially open garage door on the rear of the building. The officers then witnessed Battle and another person leaving the building through the partially open garage door. Battle fled, and the officers stopped him after a short chase.

Battle was charged under Oklahoma law with second degree burglary after having been convicted of two prior felonies, and obstructing an officer. After a jury trial, he was convicted on both counts and sentenced to concurrent terms of 30 years imprisonment. Battle unsuccessfully appealed his sentence to the Oklahoma Court of Criminal Appeals (OCCA).

Battle now seeks federal habeas review of his conviction under 28 U.S.C. § 2254.

## II. Discussion

To obtain a COA, Battle must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

### A. Un-redacted prior sentence information

Battle first claims the trial court wrongly refused to order a redaction of his prior sentence information in copies of prior judgments and sentences provided to the jury. The OCCA rejected the claim on direct appeal. The OCCA's analysis was based entirely on state law regarding the requirements for proving former convictions and what information may be considered by a jury. On habeas review, we have no authority to review a state court interpretation or application of its own law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of federal habeas court[s] to reexamine state-court determinations on state-law questions.").

In light of this obstacle, Battle attempts to recast his claim based on federal due process principles. He also claims that the un-redacted documents could have tainted the jury, thereby violating his Sixth Amendment right to a fair trial by an impartial jury. State evidentiary rulings may be subject to habeas review if the rulings "rendered the trial so fundamentally unfair that a denial of constitutional rights results." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). "In engaging in this fundamental fairness analysis, we reiterate that we must examine the proceedings as a whole." *Parker v. Scott*, 394 F.3d 1302, 1317 (10th Cir. 2005) (citation omitted). For several reasons, Battle's claim does not rise to the level of rendering his trial fundamentally unfair.

First, Battle did not raise his claim as a federal constitutional claim before the OCCA. Thus, any federal due process claims related to Battle's claim are unexhausted. But even though Battle failed to exhaust, the district court declined to have him return to state court, because the claims lacked merit. *See* R., Doc. 17 at 6 (relying on § 2254(b)(2) for authority to deny a habeas claim on the merits "notwithstanding the failure of the applicant to exhaust" the claim). We agree.

After reviewing the record, we find the failure to redact sentencing information from the list of prior convictions placed before the jury to fall short of implicating fundamental trial fairness. Battle was sentenced below the maximum sentence allowed under state law, even with all of the un-redacted sentencing information before the jury. In essence, Battle argues that the prior

-4-

sentence information was prejudicial because the jury could have inferred Battle was released on parole before serving the full length of his sentences, and thus, jurists could have speculated that he should be given a longer sentence because he might be released early on parole. This argument requires extensive speculation—which we decline to do—and ignores the wealth of facts from trial, which as a whole supported the jury's ultimate decision at sentencing. We have found much more inflammatory material placed before the juries not to have rendered trials fundamentally unfair. *See Wilson v. Sirmons*, 536 F.3d 1064, 1113 (10th Cir. 2008) (collecting cases). And, in any event, the jury did not give Battle the maximum sentence allowed, supporting the OCCA's conclusion that the information before the jury was harmless beyond a reasonable doubt.

Accordingly, we deny Battle a COA on his first claim.

## B. Sufficiency of the evidence

Battle also challenges the sufficiency of the evidence for his burglary conviction. "Sufficiency of the evidence is a mixed question of law and fact." *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006). It requires that we ask whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). If facts in the record support conflicting inferences, we must presume

"that the trier of fact resolved any such conflicts in favor of the prosecution." *Id.* at 326.

Battle's numerous arguments about the insufficiency of the evidence leave much to be desired. The arguments merely assert Battle's version of events, and his unsurprising skepticism toward the state's evidence. For example, he argues "no physical evidence supported any evidence that the appellant had entered inside of the alleged building." Aplt. Br. at 10. But two officers testified they saw Battle leaving the building.

Battle also makes much of the lack of additional evidence of his guilt, such as the "absence of [him] being in possession of any tools or property" or any "fingerprints on any items inside or outside of the overhead door," a lack of videotape, and the lack of "DNA, or proof beyond a reasonable doubt." Aplt. Br. at 14. But the lack of some evidence says nothing about the evidence actually presented. Battle also makes an "adamant assertion that [he] never entered the alleged building, with all due respect, challenges any rational trier of fact to prove otherwise." Aplt. Br. at 15. But this was Battle's defense at trial, and the jury found otherwise.

When Battle presented his sufficiency of the evidence challenge before the OCCA, it was rejected. In applying 28 U.S.C. § 2254(d), we focus on whether the state court's result contravenes or unreasonably applies clearly established federal law, not on the extent of the reasoning followed by the state court in

-6-

reaching its decision. *See Aycox v. Lytle*, 196 F.3d 1174, 1177–78 (10th Cir. 1999) ("[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated. . . . [W]e cannot grant relief unless the state court's result is legally or factually unreasonable.").

Here, while the OCCA's summary opinion offers sparse analysis of Battle's sufficiency challenge, the district court's review of the evidence presented at trial illustrates the strength of the state's case. Two police officers arrived at the building in question after an alarm was tripped, late at night. The officers found the padlocked gate surrounding the outside of the building open, and the padlock cut. The officers observed Battle and a cohort exiting the building from underneath a partially opened garage door. The officers then apprehended Battle as he fled the scene. The owner of the building testified that some computers and other valuable equipment had been moved from their normal location to a location near the partially opened door. This evidence, and any reasonable inference drawn from it, was sufficient for a juror to find Battle had burglarized the building, and specifically that he had broke and entered, and had an intent to steal. We agree with the district court, the evidence was sufficient to support Battle's conviction for second degree burglary under Oklahoma law.

We decline to grant Battle a COA on his second claim.

### C. Ineffective assistance of counsel

Lastly, Battle claims his trial counsel was ineffective for two reasons: (1) failure to accept the trial court's offer to hold a hearing under *Jackson v. Denno*, 378 U.S. 368 (1964), to determine the voluntariness of his confession; and (2) failure to allow him to testify in his own defense. Both claims were rejected by the OCCA. Thus, Battle must show that the OCCA's adjudication of his claim was an unreasonable application of Supreme Court precedent. 28 U.S.C. § 2254(d)(1). Battle must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant so that, but for counsel's errors, there was a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

We address Battle's two arguments in turn.

*Failure to request a voluntariness hearing*

Battle claims his counsel was ineffective for failing to agree to holding a specific evidentiary hearing after trial related to his statement he now characterizes as a "confession." When a defendant challenges the voluntariness of a confession, the Supreme Court has determined the voluntariness issue should be decided by a separate hearing, instead of being determined by the jury charged with determining guilt. *See Jackson*, 378 U.S. at 376. These are commonly

-8-

known as *Jackson v. Denno* hearings. *See generally* 2A Charles Allen Wright, Federal Practice and Procedure: Criminal § 414, at 117–22 (3d ed. 2000).

The "confession" statement in question came from the owner of the burgled business, who testified that he heard the apprehended Battle say to him, "I know it doesn't mean anything, but I'm sorry." R., Doc. 17 at 11. Battle's counsel objected at trial to the admission of the statement, but was overruled. At sentencing, the trial court recognized that the defendant had no opportunity to challenge the voluntariness of the statement outside the jury's presence. The judge explained how the lack of any custodial interrogation during the time of the alleged statement, as well as the apparent voluntariness of the statement, both accounted for the failure to conduct a hearing. However, the trial judge ultimately offered to have a *Jackson v. Denno* hearing, "postmortem." R., Doc. 10, Ex. 8 at 3. Battle's counsel declined the trial judge's offer to hold a *Jackson v. Denno* hearing, "I don't think it would be appropriate for me to suggest that we have a Jackson/Denno hearing now, and so I would object to a [] postmortem Jackson/Denno hearing." *Id.* at 5. The trial court subsequently ruled on all Battle's post-trial motions and sentenced him. Battle now claims his counsel's failure to request a post-trial *Jackson v. Denno* hearing was ineffective assistance of counsel.

The OCCA rejected Battle's ineffective assistance of counsel claim largely because he did not show prejudice. If the OCCA properly decided Battle failed to

establish prejudice, it is unnecessary for us to evaluate the first prong of the *Strickland* test. *Strickland*, 466 U.S. at 697 ("[I]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.").

We agree with the OCCA. Battle has not shown prejudice. He makes no showing on appeal that his statement was involuntary, and the record points quite to the contrary. Absent any evidence of an involuntary custodial interrogation, we decline to grant Battle a COA for ineffective assistance of counsel.

*Failure to allow Battle to testify*

Finally, Battle claims his counsel refused to allow him to testify in his own defense. Due process of law protects the right to testify on one's own behalf at a criminal trial. *Rock v. Arkansas*, 483 U.S. 44, 51 (1987). "The decision whether to testify lies squarely with the defendant; it is not counsel's decision." *Cannon v. Mullin*, 383 F.3d 1152, 1171 (10th Cir. 2004). If Battle were prevented from testifying in his own defense by counsel, he would satisfy the *Strickland* deficient performance prong. But he must also show prejudice to satisfy *Strickland.*

The OCCA found that Battle had not established prejudice. The state produced strong evidence of Battle's guilt at trial, including the testimony of two police officers and the business owner. Upon a review of the record, we see no

suggestion the result of Battle's trial would have been different had he testified. To counter the overwhelming weight of the evidence presented against him, Battle argues that his testimony would have explained away all of the state's evidence. Even if we entertain Battle's arguments presented in brief, which reflect the 20/20 wisdom of hindsight, we cannot find prejudice.

While we make all presumptions in favor of Battle, the arguments remain unavailing. For example, to counter the two police officers who testified to have actually seen Battle exit the burglarized building (around midnight, with a gate opened and padlock cut), Battle asserts,

> [The Officer] testified that he observed two (2) individuals exiting the building from "beneath" the west overhead door - a door (by his own testimony) only raised a mere THREE (3) to FOUR (4) feet above the ground. The district [court judge] erroneously did not take into consideration that the Appellant is 6' [foot 1" inch] in height and weighed approximately 230 pounds at the time of this alleged offense. Even in his best physical condition, the Appellant could not have run, walk[ed] or even crawl[ed] underneath a three to four foot raised door. Not by any stretch of the imagination.

Aplt. Br. at 26. But it is not hard to imagine a jury, hearing the officer's testimony, would conclude that Battle could have easily exited from under a four foot opening in a door.

We have carefully reviewed all of Battle's arguments for how his testimony might have persuaded the jury of his innocence, and we agree with the OCCA: Battle was not prejudiced by his failure to testify in his own defense. Thus, he

has not shown the OCCA's determination was an unreasonable application of Supreme Court precedent.  Accordingly, we do not grant a COA on this issue.

### III.  Conclusion

For the reasons set forth above, we DENY Battle's petition.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge